IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PAUL HAMILTON,

                Plaintiff,

  vs.                                    Civ. Action No.
                                        9:04-CV-1282 (FJS/DEP)

WARREN BARKLEY, et al.,

                Defendants.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**
PAUL HAMILTON, pro se
Rome, New York

FOR DEFENDANTS:

OFFICE OF NYS ATTORNEY GENERAL    ED THOMPSON, ESQ.
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

REPORT AND RECOMMENDATION

      This civil rights action was commenced by the plaintiff on November 4, 2004.  On September 13, 2006, a notice was sent to plaintiff's last known address by regular mail, directing him to participate in a Final Pretrial Telephone Conference scheduled before me on September 22, 2006.  See Dkt. No. 13.  That notice, however, which was mailed to

plaintiff's last known residence, was returned to the court on September 18, 2006 as undeliverable. See Dkt. No. 15. Since that time, defendant's counsel filed a letter advising the court that the plaintiff was released from the custody of the Department of Correctional Services ("DOCS") to parole supervision on April 6, 2006, a fact which the court has confirmed through the DOCS inmate locator website. Despite this change in circumstances, however, the plaintiff has not provided the court and defendant's counsel with a new address. See Dkt. No. 16.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. As then-District Judge Pooler has noted,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b). Plaintiff was specifically reminded of this obligation by my order dated December 2, 2004, advising that he was required to promptly notify the clerk's office of any change in his address, and that his failure to keep such office apprised of his current address would result in the dismissal of the instant action. See Dkt. No. 4 at page 3.

Obviously, this matter cannot proceed without notification to the court by the plaintiff of his current address. Since plaintiff has failed to fulfill his obligation to provide such notification, it is hereby

RECOMMENDED, that this action be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of

practice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and recommendation on the plaintiff at his last known address by regular mail, and upon defendant's counsel electronically.

David E. Peebles
U.S. Magistrate Judge

Dated: October 16, 2006
       Syracuse, New York